UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 8:21-cv-01029-SVW-AS | Date | July 19, 2021 |
|---|---|---|---|
| Title | *Orange County Water District et al v. 3M Company et al* | | |

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**    ORDER GRANTING [39] MOTION TO REMAND.

Before the Court is Plaintiffs' motion to remand.  Dkt. 39.  The Court finds that the motion is suitable for disposition without oral argument.  *See* L.R. 7-15.  For the below reasons, the motion is GRANTED.

**I.    Removal Was Not Ascertainable from Either of Plaintiffs' Complaints.**

Plaintiffs argue that removal was ascertainable from Plaintiffs' initial and amended complaints because, although the complaints do not specifically mention military installations as a source of groundwater contamination, they nevertheless "encompass PFOA and PFOS contamination resulting from the use of *any* of 3M's products containing PFOA or PFOS in Orange County."  Mot. at 8. Plaintiffs assert that 3M has "been in the business of manufacturing PFAS-containing products, including [for the military], for decades."  *Id.* at 11.  Accordingly, Plaintiffs argue, it "strains credulity to believe that 3M could not ascertain" the basis for removal by "applying a reasonable amount of intelligence" to Plaintiffs' complaints.  *Id.* at 9; *see also Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013) (defendants required to "apply a reasonable amount of intelligence in ascertaining removability").

The Court rejects Plaintiffs' argument.  In the Ninth Circuit, courts apply a "bright-line approach" under which the thirty-day period is triggered "only if removability is ascertainable from examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry."  *Carvalho v. Equifax Info. Servs.*, LLC, 629 F.3d 876, 886 (9th Cir. 2010)

:

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-01029-SVW-AS | Date | July 19, 2021 |
| Title | *Orange County Water District et al v. 3M Company et al* | | |

(quotations omitted).  The Ninth Circuit adopted that approach "to avoid the spectre of inevitable collateral litigation over whether defendant had subjective knowledge, or whether defendant conducted sufficient inquiry."  *Id.* (cleaned up).

Here, the complaints do not allege any connection between PFAS and military installations.  Accordingly, a conclusion that 3M could have ascertained removability from the complaints would require an inquiry into whether 3M subjectively knew that military installations in Orange County used PFAS and whether 3M investigated that possibility.  Thus, "the four corners" of the initial and amended complaints did not provide a basis for removal.  *Carvalho*, 629 F.3d at 886.

The two cases Plaintiffs rely on are distinguishable because, in both cases, the circumstances objectively demonstrated that the defendants were aware of the basis of removal.  For example, in *Rhodan v. Job Options, Inc.*, 2019 WL 3887351, at *3 (S.D. Cal. Aug. 19, 2019), the court's decision turned on the fact that the defendant had produced documents that demonstrated removability.  And *White v. Santa Clara Valley Water Dist.*, 2020 WL 6561358, at *4 (N.D. Cal. Nov. 9, 2020), the defendant conceded that it knew the facts that formed the basis of removal.  Neither circumstance is present here.

Accordingly, even considering the requirement that 3M must apply a "reasonable amount of intelligence" to the applicable pleadings, *Kuxhausen*, 707 F.3d at 1140, the Court finds that removal was not ascertainable on the basis of the initial and amended complaints.

The Court reaches a different conclusion, however, with respect to the reply brief filed by the co-defendants in this case.

**II.    Removal Was Ascertainable from the Brief Filed by 3M's Co-Defendants.**

The Court finds that the reply brief filed by 3M's co-defendants (hereinafter "the brief") triggered the thirty-day removal period.  This is because (1) a co-defendant's brief can serve as the "other paper" that triggers the thirty-day removal period, and (2) applying a "reasonable amount of intelligence" to the information in the brief would have allowed 3M to ascertain removability.  *See id.*

:
Initials of Preparer
PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:21-cv-01029-SVW-AS | Date | July 19, 2021 |
|---|---|---|---|
| Title | *Orange County Water District et al v. 3M Company et al* | | |

**A.   A Co-Defendant's Brief Can Serve as the "Other Paper" That Triggers the Thirty-Day Removal Period.**

3M argues that a co-defendant's brief cannot constitute an "other paper" that triggers the thirty-day removal period under 28 U.S.C. § 1446(b)(3). Rather, 3M argues, only a paper filed or served by the plaintiff can trigger the removal period. *See* Opp. at 13.

This argument is inconsistent with the plain language of the statute, which reads as follows:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3). Three considerations lead the Court to reject 3M's interpretation.

First, the removal statute should be construed restrictively to *limit* removal, not to expand it. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Restricting the types of events that trigger the thirty-day removal period would expand the scope of the statute, not limit it.

Second, the statute contains no limitation regarding who must serve or file the "other paper." Had Congress sought to impose that type of requirement—a requirement that would substantially narrow the circumstances triggering the removal period—it would have said so. *Cf. Russello v. United States*, 464 U.S. 16, 25 (1983) ("If this was Congress' intent, one would expect it to have said so in clear and understandable terms.").

Third, the statute itself includes examples of pleadings that could not, or typically would not, be filed or served by a plaintiff. For example, the statute identifies "order[s]" and "motion[s]" from which removal is ascertainable as papers that trigger the removal period. A plaintiff cannot, of course, issue an order. And, although a plaintiff can file motions, the party filing motions during the early stages of a case—when removal is most common—is typically a defendant filing a motion to dismiss or motion for judgment on the pleadings.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:21-cv-01029-SVW-AS | Date | July 19, 2021 |
|---|---|---|---|
| Title | *Orange County Water District et al v. 3M Company et al* | | |

The Ninth Circuit has not interpreted the statute in the manner that 3M suggests. It is true that, in dicta in *Roth v. CHA Hollywood Medical Center, L.P.*, the Ninth Circuit stated as follows: "Section 1446(b)(1) and (b)(3) specify that a defendant must remove a case within thirty days of receiving from the plaintiff either an initial pleading or some other document, if that pleading or document shows the case is removable." 720 F.3d 1121, 1122. 3M seizes on this language, emphasizing the words "from the plaintiff" in support of its argument. Opp. at 13.

3M's emphasis ignores the remainder of *Roth*. Later in the opinion, the Ninth Circuit discussed and italicized the following language from a Fifth Circuit case: "*We find that an affidavit created by the defendant and based on the defendant's subjective knowledge cannot convert a nonremovable action into a removable one.* We hold that the affidavit, created entirely by the defendant, is not 'other paper' under section 1446(b) and cannot start the accrual of the 30–day period for removing." 720 F.3d at 1126 (italics in original) (quoting *S.W.S. Erectors, Inc., v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996)).

In interpreting that italicized language, the Ninth Circuit declined to interpret it in a manner that would limit "other paper" to a paper filed or served by a plaintiff. Instead, the Ninth Circuit interpreted the language as stating a basic premise of removal law—*i.e.*, a defendant's subjective knowledge is not relevant:

> Read without regard to context, the italicized sentence suggests that an action is not removable when the information supporting removal comes from the defendant rather than the plaintiff. However, we are inclined to think that *the sentence should be understood in context to mean only that* a "defendant's subjective knowledge cannot convert a non-removable action into a removable one" such that the thirty-day time limit of § 1446(b)(1) or (b)(3) begins to run against the defendant.

*Id.* (emphasis added). Thus, despite expressly identifying 3M's proposed interpretation of the statute, the Ninth Circuit declined to adopt that interpretation.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-01029-SVW-AS | Date | July 19, 2021 |
| Title | *Orange County Water District et al v. 3M Company et al* | | |

In light of the plain language of the statute, the Court concludes that "other paper" under 28 U.S.C. § 1446(b)(3) includes a paper filed by a co-defendant.[1] *See Vagle v. Archstone Cmtys.*, LLC, 2014 WL 2979201, at *5–8 (C.D. Cal. July 1, 2014) (finding "other paper" includes papers filed by co-defendants and explaining *Roth* does not suggest otherwise); *but see Sanchez v. AMCO Ins. Co.*, 2020 WL 5362406, at *3 (E.D. Cal. Sept. 8, 2020) (document produced by defendant not "other paper" because it "did not involve a voluntary act by the plaintiff")

    **B.**    **Applying a Reasonable Amount of Intelligence to the Information in the Brief Would Have Allowed 3M to Ascertain Removability.**

The brief included a sentence in which the co-defendants argued that Plaintiff had failed to allege—for personal jurisdiction purposes—a sufficient connection between the PFAS contamination in Orange County and the co-defendants' activity in California. *See* Dkt. 2-9 at 306. The sentence had a footnote at the end, and the footnote read as follows:

> On the other hand, *there are at least three major military installations located in or around Orange County, California, which could be potential sources of the PFAS contamination alleged: Navy Seal Beach, Los Alamitos, and Tustin Marine Corps Air Station*. As evident from the First Amended Complaint, however, it seems that rather than pursue governmental entities, who may have likely *caused or greatly contributed to the purported PFAS contamination at issue*, Plaintiffs are content in seeking to improperly and unreasonably stretch the jurisdiction of the California Courts to reach non-resident defendants, like the EID/CC Defendants, with no connection or nexus to the contamination being alleged.

*Id.* at 306 n.2 (emphasis added).

---

[1] To the extent 3M argues the statute is ambiguous—it is not—that would not change the result. The removal statute is construed restrictively, so as to limit removal jurisdiction. *See Gaus*, 980 F.2d at 566 ("We strictly construe the removal statute against removal jurisdiction."); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941) (explaining that federal courts should "scrupulously confine their own jurisdiction to the precise limits which the statute has defined."). Moreover, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. Accordingly, any ambiguity in the statute would counsel in favor of remand.

                                                                                                                  :

Initials of Preparer        PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:21-cv-01029-SVW-AS | Date | July 19, 2021 |
|---|---|---|---|
| Title | *Orange County Water District et al v. 3M Company et al* | | |

3M argues that, even if the brief constitutes "other paper" under the statute, the above information was insufficient for 3M to ascertain that the case was removable. Opp. at 14.

The Court rejects this argument. Indeed, the argument is perplexing. On the one hand, 3M argues that no pleading, motion, or other paper from which removal was ascertainable was ever filed in state court. Yet, on the other hand, the critical fact underlying 3M's notice of removal—*i.e.*, the existence, in Orange County, of three military installations that likely contributed to the PFAS contamination—is contained in the above cited footnote.

For example, the above footnote explains that "there are at least three major military installations located in or around Orange County, California, which could be potential sources of the PFAS contamination alleged: Navy Seal Beach, Los Alamitos, and Tustin Marine Corps Air Station." Dkt. 2-9 at 306. Those are the three same military installations identified in 3M's notice of removal. *See* Dkt. 1 at 8. The footnote further explains that those military installations may have "caused or greatly contributed to the purported PFAS contamination at issue." Dkt. 2-9 at 306. Similarly, the notice of removal extensively discusses the fact that the three military installations likely contributed to the PFAS contamination in orange county.

Simply put, the allegations in 3M's notice of removal that are critical to federal question jurisdiction are the same allegations identified in the brief. While 3M cites some additional evidence that bolsters the allegations in the brief, the ultimate allegations supporting removal are nonetheless the same, and 3M was not required to "make extrapolations or engage in guesswork" in order to ascertain the basis of removal. *Kuxhausen*, 707 F.3d at 1140. Rather, 3M simply needed to "apply a reasonable amount of intelligence" and conclude—as the brief itself states—that the military installations were a likely source of PFAS contamination in Orange County. *Id.*

Thus, the brief "discloses sufficient facts for federal officer removal," and the removal period began upon the filing of that brief.[2] *Durham v. Lockheed Martin*, 445 F.3d 1247, 1253 (9th Cir. 2006).

---

[2] To the extent 3M argues that the additional information contained in the notice of removal (*e.g.*, articles and reports regarding military installations and PFAS contamination) was required to establish removability, the Court rejects that argument. That information does not constitute a distinct "ground[] for removal" or allegations distinct from those contained in the brief. 28 U.S.C. § 1446(a). Rather, as discussed above, the information is simply evidence that bolsters the

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:21-cv-01029-SVW-AS | Date | July 19, 2021 |
|---|---|---|---|
| Title | *Orange County Water District et al v. 3M Company et al* | | |

### III.  Conclusion.

For the foregoing reasons, Plaintiffs' motion is GRANTED.[3]   The case is remanded to Orange County Superior Court.

**IT IS SO ORDERED.**

---

allegations in the brief.   Even if that information resulted from some minimal research, that would not change the result.   Indeed, allegations in any of the documents listed in the statute—*i.e.*, a motion, order, or other paper—would likely require *some* follow-up research to ensure that there is an actual basis for federal jurisdiction.   Yet, that level of follow-up is simply the equivalent of applying a "reasonable amount of intelligence" to the allegations.   *Kuxhausen*, 707 F.3d at 1140.

[3] In light of the findings in this order, the Court need not address Plaintiff's arguments regarding 3M's alleged waiver and failure to demonstrate subject matter jurisdiction.

_____ : _____
Initials of Preparer
PMC